## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) )  **3:09-md-02100-DRH-PMF**   **MDL No. 2100** |

**This Document Relates to:**

*Jennifer Alforejy, et al. v. Bayer Corp, et al.* [1]          No. 3:11-cv-12970-DRH-PMF

*Stefanie Harrison, et al. v. Bayer Corp, et al.* [2]          No. 3:11-cv-12507-DRH-PMF

*Dawn Lindley, et al. v. Bayer Corp, et al.* [3]          No. 3:11-cv-12574-DRH-PMF

## ORDER DISMISSING WITH PREJUDICE

This matter is before the Court on the defendant's, Bayer HealthCare Pharmaceuticals Inc., motion, pursuant to Case Management Order 12 ("CMO 12"), for an order dismissing the plaintiffs' claims, in the above-captioned matters, with prejudice for failure to comply with Plaintiff Fact Sheet ("PFS") obligations.

Presently before the Court is the defendant's motion to dismiss the claims of plaintiffs Travonna Asberry, Dawn Lindley, and Christina Smith. For the reasons discussed below the motion is GRANTED.

---

[1] This order applies only to plaintiffs Jennifer Alforejy, Rhonda Linam and Wendi Westbrook.
[2] This order applies only to plaintiffs Chelsea Thomas and Rebecca Watson.
[3] This order applies only to plaintiffs Travonna Asberry, Dawn Lindley and Christina Smith.

The above captioned plaintiffs' claims were dismissed more than 9 months ago for failure to provide a substantially complete Plaintiff Fact Sheet as required by CMO 12. The plaintiffs had an additional 60 days from the date of dismissal – until October 19, 2012 - to produce a complete PFS or, as the Court expressly warned, face dismissal with prejudice. The above captioned plaintiffs failed to take any action. As a result, the defendant filed the subject motion to dismiss in each of the above captioned cases.

Thereafter, counsel for the above captioned plaintiffs filed responsive pleadings arguing that state law prevents the Court from dismissing their claims with prejudice. Specifically, the plaintiffs argue that this Court cannot dismiss their claims with prejudice because a with prejudice dismissal would conflict with the statutes of limitation or certain savings statutes in each plaintiff's state of citizenship. For example, as to plaintiff Travonna Asberry, counsel relies on Oklahoma savings statute designed to toll the statute of limitations under certain circumstances (Doc. 10). As to plaintiff Dawn Lindley, counsel relies on Minnesota's six year statute of limitations. Specifically, counsel argues that under Minnesota's six year statute of limitations, Ms. Lindley has until "6 years from the commencement of the statute of limitations [to]…correct fact sheet deficiencies" (Doc. 11).

Counsel's arguments are without merit. State statutes of limitation or savings statutes do not authorize the plaintiffs to disregard orders of this Court. Case Management Order Number 12 ("CMO 12") is an agreed upon discovery

order applicable to all cases in this multidistrict litigation. Pursuant to CMO 12, plaintiffs must provide the defendants with a substantially complete Plaintiff Fact Sheet in a timely manner. Plaintiffs are given repeated opportunities to correct noncompliance before their case is subject to dismissal without prejudice as a sanction for failing to comply with this Court's orders. The same is true with regard to the provision in CMO 12 allowing for with prejudice dismissal.

In the order dismissing the above captioned actions, the Court warned the plaintiffs that, "pursuant to CMO 12 Section E, **unless plaintiffs serve defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon defendants' motion.**" The plaintiffs in the above captioned cases could have responded by complying with CMO 12 and asking the Court to vacate the without prejudice dismissal. Instead, the plaintiffs remain noncompliant and continue to disregard the discovery requirements applicable to all plaintiffs in this litigation.

The plaintiffs' conduct exhibits a continued disregard for orders of this Court and warrants dismissal with prejudice. *See Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983) "When there is a clear record of delay or contumacious conduct" in a lawsuit, or "when other less drastic sanctions have proven unavailing," a court may dismiss a litigant's lawsuit with prejudice"); *Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d 752, 758-759 (7th Cir. 2005) (authority to dismiss an action under the court's inherent authority to

sanction). *See also* Fed. R. Civ. P. 37(b)(2)(C). Although dismissal with prejudice is a harsh sanction that should be employed sparingly, the above captioned plaintiffs repeated and flagrant disregard of their obligations in this case make dismissal with prejudice an appropriate sanction.

Accordingly, pursuant to Section E of CMO 12, **the claims of the specified plaintiffs, in the above captioned actions, are hereby dismissed WITH prejudice**.

**Further**, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same at the close of the above captioned cases.

**SO ORDERED:**

Digitally signed by
David R. Herndon
Date: 2013.06.12
14:50:47 -05'00'

**Chief Judge**                                        **Date:  June 12, 2013**
**United States District Court**